**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

DEBORAH FABER,

        Movant,

vs.

UNITED STATES OF AMERICA.

No. 10-cv-04095-LRR (Civil)
No. 08-cr-04060-LRR (Criminal)

ORDER

*TABLE OF CONTENTS*

*I.*     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*    *RELEVANT BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*   *LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

      *A.*      *Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255* . . . . . *3*
      *B.*      *Standards Applicable to Sixth Amendment* . . . . . . . . . . . . . . . . . . . *5*

*IV.*   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

      *A.*      *Request for Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . *7*
      *B.*      *The Movant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
      *C.*      *Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*V.*    *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matter before the court is Deborah Faber's motion under 28 U.S.C. § 2255 (civil docket no. 1). Deborah Faber ("the movant") filed such motion on October 18, 2010. After conducting an initial review of her claims, the court, among other things, ordered the government to respond on October 27, 2010 (civil docket no. 2). The

government filed a response to the motion on November 23, 2010 (civil docket no. 3). The movant filed a reply on December 13, 2010 (civil docket no. 4). The matter is fully submitted and ready for decision.

## II. RELEVANT BACKGROUND

On November 20, 2008, the grand jury returned a third superseding indictment against the movant, charging her and twenty-two others with conspiracy to manufacture methamphetamine, in violation of 18 U.S.C. § 846 (criminal docket no. 242). Attorney Brian Johnson was appointed to represent the movant (criminal docket no. 279). Trial was set for February 2, 2009 (criminal docket no. 315). On January 28, 2009, Attorney Johnson filed a notice of the movant's intent to plead guilty (criminal docket no. 507). A change of plea hearing was held before a magistrate judge, who subsequently recommended that the movant's plea be accepted by the district court (criminal docket no. 516). The undersigned accepted the movant's plea of guilty on January 30, 2009 (criminal docket no. 519).

A presentence investigation report was filed on May 8, 2009 (criminal docket no. 747) and a briefing schedule was set on May 11, 2009 (criminal docket no. 751). A sentencing hearing was held on May 27, 2009 (criminal docket no. 796). The undersigned sentenced the movant to 60 months imprisonment followed by a four-year term of supervised release (criminal docket no. 803). On June 5, 2009, the movant filed a pro se notice of appeal (criminal docket no. 817). Attorney Brian Johnson was appointed to represent the movant on appeal following a denial of her request for new counsel (criminal docket no. 831). On appeal, the movant argued that: (1) the appeal waiver in her plea agreement was unenforceable because she did not enter into it knowingly and voluntarily; and (2) the court's sentence was unreasonable because she was not granted safety valve relief. On May 18, 2010, the Eighth Circuit Court of Appeals, in an unpublished decision,

found the movant knowingly and voluntarily pleaded guilty and enforced the appeal waiver. *See United States v. Faber*, 376 F. App'x 640 (8th Cir. 2010).

In her motion, the movant alleges: (1) her counsel was ineffective in negotiating the plea and at sentencing; (2) her counsel, in collusion with the government, intentionally attempted to create the appearance that the movant lied to law enforcement to prevent her from being safety valve eligible; and (3) a sentencing disparity occurred when she did not receive a minor role reduction (civil docket no. 1).[1] The government resists the movant's request for relief.

## III.  LEGAL STANDARDS

### A.  Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage

---

[1] On December 27, 2010, the movant filed a motion to supplement her motion, alleging that certain discovery and *Brady* materials were not disclosed prior to her change in plea (civil docket no. 5). The court previously considered and denied such motion (civil docket no. 7).

of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure."
*Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)
("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and
for a narrow range of injuries that could not have been raised for the first time on direct
appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing
*Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)).  A collateral challenge
under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal.  *See*
*United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)
(making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for
an appeal).  Consequently, "[a]n error that may justify reversal on direct appeal will not
necessarily support a collateral attack on a final judgment."  *Id.* (internal quotation marks
and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to
raise on direct appeal.  *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).
"A [movant] who has procedurally defaulted a claim by failing to raise it on direct review
may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for
the default and prejudice or actual innocence."  *Id.* (citing *Bousley v. United States*, 523
U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United*
*States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general
rule [is] that claims not raised on direct appeal may not be raised on collateral review
unless the [movant] shows cause and prejudice.").  "'[C]ause' under the cause and
prejudice test must be something *external* to the [movant], something that cannot be fairly
attributed to him."  *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L.
Ed. 2d 640 (1991) (emphasis in original).  If a movant fails to show cause, a court need
not consider whether actual prejudice exists.  *McCleskey v. Zant*, 499 U.S. 467, 501, 111
S. Ct. 1454, 113 L. Ed. 2d 517 (1991).  Actual innocence under the actual innocence test

"means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[2]

### B. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective

---

[2] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In

answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

## IV. ANALYSIS

### A. Request for Evidentiary Hearing

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court finds that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information

that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims are procedurally barred or without merit. Because it is clear that no violation of either the movant's constitutional rights or federal law occurred, the court finds that there is no need for an evidentiary hearing.

### B. The Movant's Arguments

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons that are stated in the government's resistance because it adequately applied the law to the facts in the case. The government correctly asserted that claims not raised on direct appeal are procedurally defaulted and that counsel provided professionally competent assistance to the movant and did not make objectively unreasonable choices regarding the appropriate action to take or refrain from taking that prejudiced the movant's defense, particularly with respect to the change of plea and sentencing.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Apfel*, 97 F.3d at 1076 (making clear that a movant must establish a constitutional violation that, if uncorrected, would result in a complete miscarriage of justice). The court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, and

any deficiencies in counsel's performance did not prejudice the movant's defense, *id*. at 692-94.

### *C. Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. CONCLUSION

The court finds all of the movant's assertions under 28 U.S.C. § 2255 to be without merit. Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) is **DENIED**. Lastly, the court does not believe that appellate review of the movant's claims is warranted, and, therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 13th day of March, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA